IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LUTHER PARKS,**

    Petitioner,

v.                                                                             **Civil Action No. 1:12cv73**
                                                                                          **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On April 30, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241, challenging the use of prior state convictions for which he was not incarcerated, to trigger a sentencing enhancement for his federal firearms offense. Along with his petition, he filed a motion to proceed as a pauper. On May 1, 2012, petitioner's motion to proceed *in forma pauperis* ("IFP") was granted. Petitioner paid the required filing fee on May 21, 2012. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### I. Factual and Procedural History

On December 11, 2007, on the second day of trial in the U.S. District Court for the Northern District of Georgia, petitioner entered a plea[1] to Count Four of a four-count superseding indictment, unlawful possession of a firearm by a convicted felon, in violation of Title 18, United States Code, 18 USC §§ 922(g) and 924(e). On February 22, 200, petitioner was sentenced to one hundred and eighty months imprisonment, five years supervised release, a $100 special assessment, and forfeiture of a certain firearm.

---

[1] Pursuant to the plea, petitioner expressly agreed to waive his "right to appeal [or] . . . collaterally attack his sentence in any post-conviction proceeding on any ground." (N.D. Ga. Dkt.# 122-2, ¶7 at 4) (1:06cr247).

1

Petitioner did not appeal his conviction.

On March 13, 2009, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the Northern District of Georgia.[2] On April 29, 2009, before the Government responded, petitioner filed a *pro se* motion to withdraw his §2255 motion,[3] which was granted by Order entered May 7, 2009. On May 17, 2012, two and one half weeks after filing his instant §2241 petition, petitioner filed another Motion Vacate under 28 U.S.C. §2255 in the Northern District of Georgia.[4] A decision on that motion has not yet been entered.

## II. Claims Raised by the Petitioner

The petitioner attacks the validity of his sentence, asserting one ground for relief: that prior state convictions for which he was not incarcerated were used to trigger a sentencing enhancement for his federal firearms offense.

Petitioner contends that the reason why his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention is that "during this time Simmons,[5] Carachuri-Rosendo,[6] supra [sic] was not law of the U.S. Supreme Court or this Circuit Court [sic]. Therefore, I could not put into my §2255[7] that [sic] what did not exist."

---

[2] Petitioner's §2255 motion raised one ground of ineffective assistance of counsel, for failure to file an appeal on his behalf after being instructed to do so. (N.D. Ga. Dkt.# 131) (1:06cr247).

[3] Petitioner's *pro se* motion to dismiss his §2255 motion was a terse, one-sentence request that offered no reason for his change of mind. (N.D. Ga. Dkt.# 133) (1:06cr247).

[4] Petitioner's numerically second §2255 motion alleges four grounds of ineffective assistance of counsel: at sentencing; for failing to file an appeal on his behalf; misleading him into believing that an appeal had been filed; and for deceiving and persuading him to dismiss his first §2255 motion "in order for this appeal to take place[.]" (N.D. Ga. Dkt.# 136) (1:06cr247).

[5] United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

[6] Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

[7] Petitioner's §2241 complaint reports that he filed the first §2255 motion but that it was denied; he does not mention that it was dismissed on his own motion.

As relief, he requests that the Court "dismiss the charged Enhancement and or order a New Sentence [sic] pursuant to §3553(a) criteria."

## III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[8]

Jones, 226 F.3d at 333-34.

---

[8] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3

In this case, Petitioner is not challenging the execution of his sentence, but instead he is challenging the imposition of his sentence. In particular, he is alleging that prior state convictions for which he was not incarcerated, but rather, only given probation, were used to trigger a sentencing enhancement for his federal firearms offense.

Although the petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of Title 18, United States Code, 18 USC §§ 922(g) and 924(e) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy,[9] and he has improperly filed a §2241 petition.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by July 16, 2012**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1);

---

[9] Despite petitioner's contention that his remedy by way of §2255 is inadequate or ineffective to test the legality of his detention because Simmons and Carachuri-Rosendo, *supra,* had not yet been decided when he filed his (original) §2255 motion, petitioner did not include his present claim regarding the use of prior non-qualifying state convictions to trigger a sentencing enhancement for his federal firearms offense in his second §2255 motion, filed seventeen days after he filed the instant §2241 petition.

Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 2, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE